UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FT. LAUDERDALE DIVISION

CASE NO.:

BPI SPORTS, LLC, a Florida limited
liability company, PRO NUTRA, LLC
a Florida limited liability company,

    Plaintiff,

vs.

MAXIMUM HUMAN PERFORMANCE, LLC
a New Jersey limited liability company, and
SUPPLEMENT SERVICES, LLC, d/b/a
MuscleMeds, LLC, a New Jersey limited liability company

    Defendants.
_____/

## COMPLAINT

Plaintiffs, BPI Sports LLC, a Florida limited liability company ("BPI"), and PRO NUTRA, LLC, a Florida limited liability company ("PRO NUTRA"), sue Defendants, Maximum Human Performance, LLC, a New Jersey limited liability company ("MHP"), and Supplement Services, LLC, a New Jersey limited liability company d/b/a MuscleMeds, LLC ("MUSCLEMEDS"), and allege:

### Nature of the Action

1. This is an action for Declaratory Relief pursuant to Title 28 U.S.C. §§ 2201(a), 2202, 1331 and 1338(a), and for the cancellation of the Defendants' registered trademark pursuant to 15 U.S.C. §1119.

### Parties, Jurisdiction and Venue

2. BPI is a Florida limited liability company organized and existing under the laws of the State of Florida, with its principal place of business is located in Hollywood, Florida.

3. PRO NUTRA is a Florida limited liability company organized and existing under the laws of the State of Florida, with its principal place of business is located in Hollywood, Florida.

4. MHP is a New Jersey limited liability company organized and existing under the laws of the State of New Jersey, with its principal place of business located in Fairfield, NJ.

5. MHP conducts business in Broward County, Florida, and this Court has jurisdiction over MHP because of its systematic and continuous business connections and contacts within this district.

6. MUSCLEMEDS is a New Jersey limited liability company organized and existing under the laws of the State of New Jersey, with its principal place of business located in Cedar Grove, New Jersey.

7. MUSCLEMEDS conducts business in Broward County, Florida, and this Court has jurisdiction over MUSCLEMEDS because of its systematic and continuous business connections and contacts within this district.

8. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §1331 (federal question jurisdiction), 28 U.S.C. §1338 (acts of congress related to trademarks), 15 U.S.C. §1119 (power of courts to determine the rights and order the cancellation of registered marks), 15 U.S.C. §1121(a)(district and territorial courts of the United States have original and appellate jurisdiction of all actions arising under this chapter) and federal supplemental jurisdiction under 28 U.S.C. §1367.

9. Pursuant to U.S.C. §1391(b), venue is proper in this jurisdiction because a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part

of property that is the subject of this action is situated in this district, and/or MHP and MUSCLEMEDS are subject to the Court's personal jurisdiction with respect to this action.

## Factual Background

### BPI and Pro Nutra and their METHOXY*BURN* Mark

10. BPI and PRO NUTRA are sports nutrition companies that are engaged in the business of manufacturing and selling and marketing various dietary and nutritional supplements, sports nutrition products, and other products and related goods under various brand names, including but not limited to the PRO NUTRA brand.

11. On March 19, 2012, BPI, submitted its application for a trademark with the United States Patent and Trademark Office ("USPTO"), to register "SCI NUTRA METHOXY*BURN*," serial number 85573313, as a trademark.

12. On August 7, 2012, the USPTO published "SCI NUTRA METHOXY*BURN*" for opposition. To date, there has been no opposition.

13. On December 18, 2012, PRO NUTRA submitted its application for a trademark with the USPTO to register "METHOXY*BURN*," serial number 85805782, as a trademark.

14. "SCI NUTRA METHOXY*BURN*" and "METHOXY*BURN*" may be collectively referred to as the "Plaintiffs' Mark."

15. One of Plaintiffs' products is "METHOXY*BURN.*" Attached as Composite Exhibit A are photographs of the METHOXY*BURN* packaging and label.

16. METHOXY*BURN* is sold in a distinctively packaged product and Plaintiffs' Mark is prominently displayed on the packaging and labels thereby making it easily recognizable for consumers to identify the product(s) and enhancing the Plaintiffs' Marks' consumer recognition and goodwill.

17. METHOXY*BURN* is sold exclusively through worldwide nutritional and dietary supplement retailer General Nutrition Company ("GNC") stores and website.

18. BPI and/or PRO NUTRA have undertaken significant efforts and invested substantial time and money to promote, advertise and market, METHOXY*BURN* in connection with the marketing and sale of its products through GNC.

19. As a result of their efforts, BPI and/or PRO NUTRA have developed goodwill in connection with the Plaintiffs' Mark.

## MHP and MUSCLEMEDS and their METHYLBURN Mark

20. Upon information and belief, Defendants are also engaged in the business of manufacturing and selling and marketing certain dietary and nutritional supplements, and sell its/their products through the MUSCLEMEDS' brand name.

21. MHP is the owner of the registered trademark MUSCLEMEDS, registration number 3947978.

22. MUSCLEMEDS is the registrant of the mark METHYLBURN ("Defendants' Mark").

## The Controversy Between the Parties

23. On or about December 7, 2012, MHP, through its Legal and Regulatory Affairs representative, Craig R. Larsen ("Mr. Larsen"), sent a cease and desist letter to BPI claiming infringement upon their (the Defendants) trademark and the common law rights to their mark, METHYLBURN, due to BPI's use of the terms/words "METH" and "BURN" in its product. Further, Mr. Larsen states in his letter that the use of the terms/words "METH" and *"BURN"*

arelikely to cause confusion with its product, METHYLBURN among consumers in the dietary and nutritional supplement market. A true and correct copy of MHP's correspondence is attached as Exhibit B.

24.     MHP demanded that BPI (1) cease and desist any further use of the METHOXY*BURN* name in packaging, advertising, promotion, etc., (2) cease labeling any additional products with the METHOXY*BURN* name, and (3) stop shipping any products bearing the METHOXY*BURN* name. *See* Ex. B (emphasis added).

25.     Plaintiffs deny that its use and registration of Plaintiffs' Mark violate any federal, state or common law rights of the Defendants.

26.     Plaintiffs believe and contend that there is no likelihood of confusion among consumers between Plaintiffs' Mark and Defendants' Mark, and that the two marks are vastly different for a variety of reasons. The following are some of the differences in the marks solely based on their appearance and design: (1) different type faces, (2) different fonts, (3) the incorporation different color schemes, (4) the size and landscape of the packaging, and (5) the use of the word "BURN" is highlighted in two separate and distinct manners. The concurrent use of the two marks has not caused, and is not likely to cause consumer confusion. In addition to the differences in appearance and points of sale, the use of common English, slang, and scientific terms, abbreviations and words, "METH" and "BURN," weakens any protection that Defendants may claim.

27.     Plaintiffs are not seeking to trade on any alleged goodwill of Defendants, because Plaintiffs enjoy their own goodwill through their own promotional and marketing efforts.

28. Defendants specifically market its/their product as "METHYLBURN EXTREME," not simply METHLYBURN. Plus, the two products are not sold in the same retail stores or websites, as METHOXY*BURN* is sold exclusively at GNC and METHLYBURN is not sold at GNC.

29. Defendants believe and contend that Plaintiffs Mark infringes upon the Defendants Mark and there is a likelihood of confusion between the two products.

30. Plaintiffs are unsure of their rights and status as it relates to the potential infringement on Defendants' Mark, or if it is being demanded to abandon a mark that it has a legal right to use.

31. Plaintiffs and Defendants have a definite and concrete dispute.

32. Based upon all of the circumstances, there is a real and substantial controversy between the parties, who have adverse legal interests of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

33. All conditions precedent to this action have occurred, been performed or been waived.

**Count I**
**Declaratory Relief to Determine Non-Infringement of Section 32 of the Lanham Act, 15.U.S.C. §1114**

34. Plaintiffs re-allege paragraphs 1 through 33.

35. Plaintiffs seek a declaration of a non-violation of Section 32 of the Lanham Act, 15 U.S.C. §1114, as to federal trademark infringement.

36. Plaintiffs use of the mark METHOXY*BURN* is not likely to cause confusion, mistake, or deception with Defendants' Mark, METHYLBURN, or any of Defendants' alleged rights, and does not violate Section 32 of the Lanham Act, 15 U.S.C. §1114.

**WHEREFORE**, Plaintiffs, BPI Sports, LLC, and Pro Nutra, LLC, respectfully request that this Court take jurisdiction of this matter and enter a judgment in their favor and against Defendants, Maximum Human Performance, LLC and Supplement Services, LLC d/b/a MuscleMeds, LLC, declaring that Plaintiffs' Mark, METHOXY*BURN,* does not infringe upon or cause a likelihood of confusion with Defendant's Mark, METHYLBURN, and for such other and further relief as this Court deems just and proper.

### Count II
### Declaratory Relief to Determine Non-Infringement of Section 43 of the Lanham Act, 15.U.S.C. §1114

37. Plaintiffs re-allege paragraphs 1 through 33.

38. Plaintiffs seek a declaration of a non-violation of Section 43(a) of the Lanham Act, 15 U.S.C. §1125(a), as to false designation of origin and federal unfair competition.

39. Plaintiffs use of Plaintiffs' Mark, METHOXY*BURN,* does not constitute a false designation of origin or federal unfair competition, is not likely to cause confusion, mistake, deception with Defendants' Mark, METHYLBURN, or any of Defendants' alleged rights, and does not violate Section 43(a) of the Lanham Act, 15 U.S.C. §1125(a).

**WHEREFORE**, Plaintiffs, BPI Sports, LLC, and Pro Nutra, LLC, respectfully request that this Court take jurisdiction of this matter and enter a judgment in their favor and against Defendants, Maximum Human Performance, LLC and Supplement Services, LLC d/b/a

MuscleMeds, LLC, declaring that Plaintiffs' Mark, METHOXY*BURN*, does not constitute a false designation of origin or infringe upon or cause a likelihood of confusion with Defendants' Mark, METHYLBURN, and for such other and further relief as this Court deems just and proper.

## Count III
### Non-Violation of the Common Law of Trademark Infringement

40. Plaintiffs re-allege paragraphs 1 through 33.

41. Plaintiffs seek a declaration that it is not committing common law trademark infringement.

42. Plaintiffs use of METHOXY*BURN* is not likely to cause confusion, mistake, deception with Defendants' Mark, METHYLBURN, or any of Defendants' alleged rights, and does not constitute trademark infringement under the common law.

**WHEREFORE**, Plaintiffs, BPI Sports, LLC, and Pro Nutra, LLC, respectfully request that this Court take jurisdiction of this matter and enter a judgment in their favor and against Defendants, Maximum Human Performance, LLC and Supplement Services, LLC d/b/a MuscleMeds, LLC, declaring that Plaintiffs' Mark, METHOXY*BURN,* does not constitute trademark infringement under the common law, and for such other and further relief as this Court deems just and proper.

## Count IV
### Non-Violation of the Common Law of Unfair Competition

43. Plaintiffs re-allege paragraphs 1 through 33.

44. Plaintiffs seek a declaration that it is not committing common law unfair competition.

45. Plaintiffs use of METHOXY*BURN* is not likely to cause confusion, mistake, deception with Defendants' Mark, METHYLBURN, or any of Defendants alleged rights, and does not constitute unfair competition or unfair trade practices under the common law with respect to any alleged rights owned by Defendants.

**WHEREFORE**, Plaintiffs, BPI Sports, LLC, and Pro Nutra, LLC, respectfully request that this Court take jurisdiction of this matter and enter a judgment in their favor and against Defendants, Maximum Human Performance, LLC and Supplement Services, LLC d/b/a MuscleMeds, LLC, declaring that Plaintiffs' Mark, METHOXY*BURN,* does not constitute unfair competition or unfair trade practices under the common law, and for such other and further relief as this Court deems just and proper.

## Count V
### Declaratory Relief For Cancellation of MHP's Registered Trademarks Pursuant to 15. U.S.C. §119

46. Plaintiffs re-allege paragraphs 1 through 33.

47. This is an action for declaratory relief pursuant to Title 28 U.S.C. ,§§ 2201(a), 2202, 1331and 1338(a), and for cancellation of Defendants' registered trademarks pursuant to 15 U.S.C. §1119.

46. Defendants claim that its mark, METHYLBURN, is protected as a result of its registration of METHYLBURN.

47. Defendants' Mark is not inherently distinctive, arbitrary or fanciful because the combination or use of common English, slang, and scientific terms, abbreviations and words,

specifically, "METH" and "BURN," weakens any protection that Defendants may claim or to which they may be entitled.

48. Defendants' Mark requires no effort or imagination on the part of the consumer (the average nutritional consumer is a sophisticated purchaser) to understand the product.

49. Defendants' Mark is not protected from cancellation because it has been in use for less than five (5) years, and is either generic or descriptive. Therefore, it has not acquired a secondary meaning and cannot satisfy its burden of proof to establish a secondary meaning.

50. Defendants' Mark is not entitled to Federal trademark protection, and should be canceled by this Court.

**WHEREFORE**, Plaintiffs, BPI Sports, LLC and Pro Nutra, LLC, respectfully request this Court to enter an Order declaring that Defendants', Maximum Human Performance, LLC and Supplement Services, LLC d/b/a MuscleMeds, LLC, mark, METHYLBURN, is not a Federally protected trademark, and enter an Order directing the United States Patent Office to cancel MHP's Marks, and for such other and further relief as this Court deems just and proper.

Dated, this  11th  day of February, 2013.

                                        Respectfully submitted,
                                        KRINZMAN, HUSS & LUBETSKY, LLP
                                        *Counsel for Plaintiffs*
                                        800 Brickell Avenue, Suite 1501
                                        Miami, FL 33131
                                        Tel: (305) 854-9700
                                        Fax:   (305) 854-0508
                                        Email: cal@khllaw.com

                                         /s/ Cary A. Lubetsky, Esq.
                                        Cary A. Lubetsky, Esq.
                                        Florida Bar No. 961360
                                        Michael I Feldman, Esq.
                                        Florida Bar No. 665541